JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEALTHCARE ALLY MANAGEMENT OF CALIFORNIA, LLC,<br>      Plaintiff,<br><br>            v.<br><br>O'MELVENY AND MYERS, LLP,<br>      Defendant. | CV 23-1461 DSF (AFMx)<br><br>Order GRANTING Motion to Remand (Dkt. 21) |

    Defendant removed this case from state court based on complete preemption of Plaintiff's state claim by the Employee Retirement Income Security Act (ERISA). On May 1, 2023, Plaintiff amended its complaint to remove the allegedly preempted claims. Plaintiff now moves for remand. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for July 3, 2023, is removed from the Court's calendar.

    Defendant does not assert that any claim remaining in the amended complaint is completely preempted by ERISA. It argues, instead, that the Court should retain supplemental jurisdiction over the case notwithstanding the dismissal of the preempted claims.

    A district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c). "Once that factual predicate is identified, the exercise of discretion, of course, still is informed by

whether remanding the pendent state claims comports with the . . . values of 'economy, convenience, fairness, and comity.'" <u>Exec. Software N. Am., Inc. v. U.S. Dist. Ct. for Cent. Dist. of Cal.</u>, 24 F.3d 1545, 1557 (9th Cir. 1994).

The Court concludes that the factors of judicial economy, convenience, fairness, and comity do not favor retaining the remaining claims. The case is in its very early stages so judicial economy does not favor retention of the case. Defendant's argument against remand revolves around Plaintiff's alleged status as a repeat litigant who files cases in state court containing a preempted claim, and those cases repeatedly get removed to federal court. Based on this, Defendant argues that Plaintiff is trying to manipulate the forum where its cases will be resolved. But there is nothing wrong with Plaintiff preferring to litigate in state court. The Court sees no reason to retain jurisdiction in this case because *defendants*, in general, would rather remove cases to federal court. If Plaintiff is willing to abandon a claim in a given case in order to return to its preferred state court forum, it is not unfair or contrary to judicial economy to allow it to do so.

The motion to remand is GRANTED. The case is REMANDED to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.

Date: June 27, 2023

*Dale S. Fischer*
Dale S. Fischer
United States District Judge